The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Dollar. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives or amend the Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law, the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. The Industrial Commission has jurisdiction over the subject matter of this case, the parties are properly before the Commission, and the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act at all relevant times.
2. ITT Hartford Insurance was the carrier on the risk.
3. The employee-employer relationship existed between the parties at all relevant times.
4. The plaintiff's average weekly wage was $300.00, which yields a compensation rate of $199.01 per week.
5. The issue for determination is whether the plaintiff sustained a compensable injury to his back on February 8, 1995, and if so, to what benefits may he be entitled under the Act.
6. The parties stipulated 202 pages of medical treatment records and a three-page note of an October 1995 meeting.
 ***********
Based upon the findings of fact found by the Deputy Commissioner, the Full Commission finds as follows:
 FINDINGS OF FACT
1. On February 8, 1995, the plaintiff was a forty-five year old male high school graduate, who had worked in various manufacturing plants. The plaintiff began working for defendant-employer, which was a mass mailing business. The plaintiff's duties involved setting up machines for mailings and operating the machines.
2. On February 8, 1995, the plaintiff was running a mailing job when he decided to consolidate skids of materials. The plaintiff picked up a twenty-five pound box of paper; and as he twisted to the right, he felt a pain in his back, which then radiated down his right leg. He described dropping almost to his knees. Team leader Margaret Woodard saw this and asked if he was all right. The plaintiff initially responded that he had prior back problems and would try to work it out. The plaintiff wore a lifting belt that he purchased himself.
3. The plaintiff was seen at the Piedmont Medical Center emergency room in Rock Hill, South Carolina on February 12, 1995, after his condition did not improve. He reported a history of low back pain radiating in both legs since February 8. The plaintiff was referred to orthopaedic surgeon Dr. W. Scott James, III, where he was seen on February 13, 1995.
4. The plaintiff reported a history of lifting boxes at work on February 8, 1995 to Dr. James, following which he diagnosed the plaintiff with an acute lumbar strain with radiculopathy and mild underlying degenerative arthritis. The plaintiff was excused from work for ten days.
5. The plaintiff notified Julie Adams of human resources after the appointment with Dr. James. He was subsequently advised that the defendant-employer was denying his claim. Thereafter, the plaintiff filed for short-term disability to cover his time out of work.
6. The plaintiff was out of work from February 12, 1995 through May 21, 1995. He returned to work on May 22, 1995.
7. The plaintiff was disabled from work from July 26, 1995 through October 8, 1995, and he returned to his regular job on October 9, 1995.
8. The plaintiff continued to work until December 8, 1995, when he was authorized to leave work by Dr. Seymore due to pain complaints.
9. The defendant-employer terminated plaintiff, following which he applied for long term disability benefits.
10. The plaintiff received long term disability benefits through a plan for which he paid the premiums.
11. On October 6, 1995, Dr. James imposed permanent limitations on plaintiff of no standing over an hour and a half, no lifting repetitively more than fifteen to twenty pounds, with a maximum lifting limit of thirty pounds, and no working over eight hours a day, five days per week.
12. The plaintiff has looked for work through various temporary employment agencies. However, he has not been able to obtain work.
13. The defendants have not offered any employment nor have they provided any vocational assistance to the plaintiff.
14. The plaintiff had a prior back injury in 1991, from which he had fully recovered by seven months later. He required no back treatment from 1993 to 1995.
15. Dr. James opined that plaintiff's injury on February 8, 1995, aggravated his pre-existing degenerative disc disease.
16. The plaintiff retains a ten-percent permanent partial impairment to his back as a result of the work-related injury of February 8, 1995.
 ***********
Based on the foregoing Findings of Fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. The plaintiff sustained an injury to his back that arose out of and in the course and scope of his employment, which was a direct result of a specific traumatic incident of the work assigned on February 8, 1995. N.C. GEN. STAT. § 97-2(6).
2. As a result of the compensable injury, the plaintiff is entitled to temporary total disability compensation from February 12, 1995, through May 21, 1995, from July 26, 1995, through October 8, 1995, and from December 8, 1995, to the present and continuing. N.C. GEN. STAT. § 97-29.
3. The plaintiff is entitled to have the defendants provide such vocational assistance as may be necessary to enable him to return to suitable employment. N.C. GEN. STAT. § 97-2(19).
4. The plaintiff is entitled to have defendants pay for medical expenses incurred as a result of the compensable injury. N.C. GEN. STAT. §§ 97-2 (19), 25.
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Subject to a reasonable attorney's fee herein approved, the defendants shall pay temporary total disability compensation to the plaintiff at the rate of $199.01 per week for the period from February 12, 1995 through May 21, 1995; July 26, 1995 through October 8, 1995, and December 8, 1995, and continuing until further Order of the Commission. As much as said compensation as has accrued shall be paid in a lump sum.
2. A reasonable attorney's fee of 25 percent of the compensation awarded to plaintiff in paragraph 1 above is hereby approved to be deducted from sums due plaintiff and paid directly to counsel. Thereafter, defendants shall pay directly to plaintiff's counsel every fourth compensation check.
3. Defendants shall pay medical expenses incurred as a result of the compensable injury.
4. Defendants shall provide vocational counseling to assist the plaintiff to return to suitable employment.
5. Defendants shall pay the costs, including an expert witness fee of $200.00 to W. Scott James, III, M.D.
This _____ day of June 1998.
 S/ _________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ ________________ THOMAS J. BOLCH COMMISSIONER
S/ ________________ CHRISTOPHER SCOTT COMMISSIONER
DCS/jlr